

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL | 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } } } } } } } } } } } | |
| Plaintiff, | | CIVIL ACTION NO. |
| v. | | 3-05CV1379-L |
| ALLIED AVIATION SERVICES, INC., | | COMPLAINT |
| Defendant. | | (JURY DEMANDED) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Parties Eric Mitchel, Francisco Ochoa, Christopher DiGiorgio and a class of similarly situated aggrieved individuals, who were adversely affected by such practices. The Commission alleges that the Defendant, Allied Aviation Services, discriminated against Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio, and a class of similarly situated aggrieved individuals by subjecting them to a hostile work environment and disparate terms and conditions of employment because of their race, African-American and/or their national origin, Hispanic.  The Commission further alleges that Defendant violated Title VII by unlawfully terminating the employment of Mr. DiGiorgio, and by retaliating against Mr. DiGiorgio and a class of similarly situated aggrieved individuals because of their opposition to employment practices believed to be unlawful and participation in proceedings under Title VII.

COMPLAINT                                                                                      1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4.      At all relevant times, Defendant, Allied Aviation Services,  has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Mr. Mitchel, Mr. Ochoa and Mr. DiGiorgio filed a charge with the Commission alleging violations of Title VII by the Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      During the employment of Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and the class of

**COMPLAINT**                                                                                            2

similarly situated aggrieved individuals, Defendant subjected them to a barrage of unwelcome racial remarks, graffiti and threats of physical violence, as well and subjecting them to disparate terms and conditions of employment, and in failing to promote at least one aggrieved individual because of his race in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2.  Defendant failed to discipline employees who engaged in such behavior.  Further, Defendant retaliated against Mr. DiGiorgio, by terminating his employment on June 10, 2004, and retaliated against a class of similarly situated aggrieved individuals for having opposed a discriminatory act, made a charge, testified, assisted and participated in an investigation and civil proceeding, in violation of Section 704(a) of Title VII.

8.     The effect of the practices complained of above has been to deprive Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees.

9.     The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.     The unlawful employment practices complained of in paragraph 7, above, were done with malice or reckless indifference to the federally protected rights of Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, Allied Aviation Service, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

**COMPLAINT**                                                                                         3

B.      Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant to make whole Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to rightful place reinstatement and rightful place promotion of aggrieved individuals, where necessary for make whole relief.

D.      Order the Defendant to make whole Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.      Order the Defendant to make whole Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and a class of similarly situated aggrieved individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F.      Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

**COMPLAINT**                                                                                                 4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

GWENDOLYN Y. REAMS
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

RONETTA J. FRANCIS
Senior Trial Attorney
Virginia Bar No. 39886

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas  75202
(214) 253-2746
(214) 253-2749 (FAX)

**COMPLAINT**                                                                 5

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I. (a)  PLAINTIFFS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**

ALLIED AVIATION SERVICES, INC.

RECEIVED
JUL I I 2005
CLERK, U.S DISTRICT COURT
THERN DISTRICT OF TEXAS

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U S  PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

RONETTA J. FRANICS, SENIOR TRIAL ATTY., EEOC
207 S. Houston St., 3rd Fl., Dallas, Tx 75217  (214) 253-2746

Attorneys (If Known)

3-05CV1379-L

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U S  Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | [ ] 650 Airline Regs | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | Safety/Health |  | [ ] 490 Cable/Sat TV |
| (Excl Veterans) | [ ] 345 Marine Product | [ ] 690 Other |  | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | Injury | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 870 Taxes (U.S. Plaintiff | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [X] 442 Employment | Sentence | or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 871 IRS—Third Party | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | 26 USC 7609 | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 900 Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/Disabilities - | [ ] 540 Mandamus & Other |  | Under Equal Access |
|  | Employment | [ ] 550 Civil Rights |  | to Justice |
|  | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition |  | [ ] 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | [ ] 440 Other Civil Rights |  |  |  |

## V. ORIGIN    (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Title VII of Civil Rights of 1964.

Brief description of cause
Class subjected to hostile work environment and disparate treatment based on race and national origin.

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F R C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions).    JUDGE                    DOCKET NUMBER

DATE    7/11/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG JUDGE_____