IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | NO. 3-05-CV-1379-L |
| VS. | § § | |
| ALLIED AVIATION SERVICES, INC. | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Allied Aviation Services, Inc. ("AAS") has filed a motion to dismiss this race and national origin discrimination and retaliation case brought by the Equal Employment Opportunity Commission ("EEOC") on behalf of Eric Mitchel, Francisco Ochoa, Christopher DiGiorgio, and other similarly situated employees ("the Charging Parties"), under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* As grounds for its motion, defendant contends that the Charging Parties were never employed by AAS at Dallas/Fort Worth International Airport. Rather, defendant maintains that Allied Aviation Fueling of Dallas, LP ("AAFD"), a Texas limited partnership with no legal relationship to AAS, employed the Charging Parties. The EEOC counters that the allegations set forth in its complaint provide fair notice to defendant and are sufficient to survive dismissal at the pleading stage. The motion has been briefed by the parties and is ripe for determination.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting*

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 729 (1983). A district court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

The exacting standards governing Rule 12(b)(6) motions must be considered in light of the liberal pleading requirements of Fed. R. Civ. P. 8(a). In what has been characterized as a "seminal pleading case," the Supreme Court has reminded lower courts that, in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 922, 998, 152 L.Ed.2d 1 (2002), *quoting* FED. R. CIV. P. 8(a)(2). This simplified pleading standard applies to all civil actions. *Id.*, 122 S.Ct. at 998. Except in a limited set of cases,[1] a plaintiff is not required to plead facts supporting each and every element of his claim or legal theory. *Id.* Rather, a complaint is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id., quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (interpreting *Swierkiewicz* to mean that "[a] complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts"). Liberal discovery

---

[1] These exceptions are found in Rule 9(b), which provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b).

rules and summary judgment motions, not motions to dismiss, should be used to define disputed facts and issues and to dispose of unmeritorious claims. *See Swierkiewicz*, 122 S.Ct. at 998.

Judged against these standards, the court is unable to say that the EEOC can prove no set of facts which would entitle it to relief. In its complaint, the EEOC alleges that "[d]uring the employment of [the Charging Parties], Defendant subjected them to a barrage of unwelcome racial remarks, graffiti and threats of physical violence, as well and [sic] subjecting them to disparate terms and conditions of employment, and in failing to promote at least one aggrieved individual because of his race[.]" (*See* Plf. Compl. at 2-3, ¶ 7). This allegation, construed in the light most favorable to plaintiff, clearly implies an employment relationship between the Charging Parties and AAS. Moreover, in order to prove that AAS was not an "employer" within the meaning of Title VII, defendant must necessarily rely on matters outside the pleadings.[2] Extraneous evidence cannot be considered when ruling on a Rule 12(b)(6) motion. Without suggesting a view on the merits of defendant's argument or whether dismissal would be proper in another procedural context, such as a motion for summary judgment, the court concludes that dismissal is not proper at this stage of the litigation. Accordingly, the motion should be denied.

### **RECOMMENDATION**

Defendant's motion to dismiss for failure to state a claim upon which relief can be granted should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] Even if the Charging Parties were employed by AAFS or some other entity, AAS still may be liable under Title VII. The term "employer" has been broadly interpreted to include "superficially distinct entities that are sufficiently interrelated to constitute a single, integrated enterprise." *See Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). Such a determination involves a fact-intensive inquiry which precludes dismissal at the pleading stage. *See Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir.), *cert. denied*, 123 S.Ct. 83 (2002) (noting that "whether two employers are engaged in an integrated enterprise for purposes of Title VII is a fact intensive determination").

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 25, 2005.

                                      JEFF KAPLAN
                                      UNITED STATES MAGISTRATE JUDGE