ORIGINAL

Case 3:05-cv-01379-L   Document 20   Filed 11/10/05   Page 1 of 3   PageID 168

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 0 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br> v. <br> ALLIED AVIATION SERVICES, INC., <br> Defendant. | § <br> § <br> § <br> § <br> § Civil Action No. 3:05-CV-1379-L <br> § <br> § <br> § <br> § |

## ORDER

Plaintiff Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") filed this action on July 11, 2005, against Defendant Allied Aviation Services, Inc. ("Allied" or "Defendant"). Plaintiff alleges race discrimination and retaliation on behalf of three named individuals[1] and other similarly situated employees of Allied. Defendant filed a motion to dismiss on September 12, 2005, contending that it was not the employer of the individuals represented by the EEOC, and that the pleadings do not state that an employment relationship existed between Defendant and the individuals represented by the EEOC.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the motion was referred to the United States magistrate judge for proposed findings and recommendation. On October 25, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. On November 3, 2005, Defendant filed Defendant's Objections to the Findings and Recommendations of the United States Magistrate Judge Regarding Defendant's Motion to Dismiss ("Objections").

---

[1] The named individuals are Eric Mitchel, Francisco Ochoa, and Christopher DiGiorgio.

Order - Page 1

The magistrate judge found that under the exacting standards governing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court is unable to say that the EEOC can prove no set of facts which would entitle it to relief." Report at 3. Specifically, the magistrate judge reviewed the following allegation in the complaint:

> During the employment of Mr. Mitchel, Mr. Ochoa, Mr. DiGiorgio and the class of similarly situated aggrieved individuals, Defendant subjected them to a barrage of unwelcome racial remarks, graffiti and threats of physical violence, as well and [sic] subjecting them to disparate terms and conditions of employment, and in failing to promote at least one aggrieved individual because of his race[.]

Plaintiff's Complaint ¶7. The magistrate judge determined that this allegation, "construed in the light most favorable to plaintiff, clearly implies an employment relationship between the [named individuals] and [Allied]." Report at 3. The magistrate judge further noted that proof that Allied was not an employer within the meaning of Title VII would require consideration of extraneous evidence outside the pleadings, which the court cannot do when ruling on a Rule 12(b)(6) motion. *Id.* The magistrate judge thus recommends that the motion to dismiss be denied.

In its Objections, Defendant argues that the magistrate judge erred because the EEOC has not alleged sufficient facts to state a claim that it was the employer of any of the individuals. Defendant also asserts that the magistrate judge failed to address its Rule 12(b)(1) motion.[2] The court disagrees. Plaintiff has clearly met its pleading obligation under Fed. R. Civ. P. 12(b)(6). If it is later determined that Defendant is not the employer of the individuals represented by Plaintiff,

---

[2] In its motion to dismiss, Defendant also asserted that the court did not have subject matter jurisdiction "pursuant to Rule 12(b)(6) [sic]." The basis for Defendant's lack of subject jurisdiction contention is the same as it's contention that Plaintiff failed to state a claim – "[N]o where on the face of Plaintiff's pleadings does it state that an employment relationship existed between Defendant and any of the individuals it seeks to represent." Motion at 2. As the magistrate judge's Report addressed this issue, Defendant's assertion that the magistrate judge did not address its 12(b)(1) motion is erroneous.

Order - Page 2

then the court would agree that it does not have subject matter jurisdiction; however, at this stage of litigation, it has not been demonstrated to the court that it lacks subject matter jurisdiction.

Having reviewed the pleadings, motion, response, and record in this case, the findings and conclusions of the magistrate judge, and having considered Defendant's objection thereto, the court determines that the findings and conclusions are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Defendant's Objections, and **denies** Defendant's Motion to Dismiss.

It is so ordered this 10th day of November, 2005.

Sam A. Lindsay
United States District Judge