ORIGINAL



E-FILED

NOV 1 5 2005

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  §
COMMISSION                     §
                               §
        Plaintiff,             §
                               §        NO. 3-05-CV-1379-L
VS.                            §
                               §
ALLIED AVIATION SERVICES, INC. §
                               §
        Defendant.             §

## MEMORANDUM ORDER

Plaintiff EEOC has filed a motion to quash a Rule 45 subpoena duces tecum served by

defendant on Dallas Area Rapid Transit ("DART") in this race discrimination and retaliation case

brought under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §

2000e, et seq. At issue are employment and payroll records pertaining to Francisco Ochoa, who

worked for DART for five or six years beginning in 1982. Plaintiff argues that the subpoena invades

Ochoa's right to privacy, is overbroad, and seeks information that is not reasonably calculated to lead

to the discovery of admissible evidence. Defendant counters that the employment records will likely

show that Ochoa was terminated by DART for illegal drug use, a fact not revealed by Ochoa when

he applied for a job with defendant in 1999. If its suspicions are confirmed, defendant may assert

a defense under the after-acquired evidence rule. The issues have been fully briefed by the parties

and the motion is ripe for determination.

At his deposition taken on September 21, 2005, Ochoa testified that he was terminated by

DART for "cocaine use" and did not disclose that fact when he applied for a job with defendant.

(See Def. App. at 4-5). While it is not clear what application the after-acquired evidence rule may

have in this context,[1] or whether such evidence will be admissible at trial, the court cannot say that evidence of Ochoa's drug use while employed by DART is not "relevant to the claim or defense of any party" or "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b). However, only employment records pertaining to Ochoa's termination for illegal drug use meet this test. The other documents subpoenaed by defendant have no bearing on a potential after-acquired evidence defense.

For these reasons, plaintiff's motion to quash is granted in part and denied in part. The motion is denied with respect to employment records pertaining to Francisco Ochoa's termination by DART for illegal drug use. Defendant may subpoena those records from DART. In all other respects, the motion to quash is granted. The parties are directed to negotiate an appropriate protective order to prevent the further disclosure and dissemination of any employment records produced by DART pursuant to the subpoena.

SO ORDERED.

DATED: November 15, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] After-acquired evidence can affect the relief available in a Title VII case "even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362-63, 115 S.Ct. 879, 886, 130 L.Ed.2d 852 (1995). In order to take advantage of an after-acquired evidence defense, the employer must establish that the wrongdoing was of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of discharge. *Id.*; *see also Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999).