IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | § § § |
| Plaintiff, | § § |
| v. | §   Civil Action No. 3:05-CV-1379-L § |
| **ALLIED AVIATION SERVICES, INC.**, **et al.**, | § § § |
| Defendants. | § |

### MEMORANDUM OPINION AND ORDER

Before the court is a motion for leave to intervene, filed March 30, 2006, by Eric Mitchel, Francisco Ochoa, Christopher DiGiorgio, Carl Gaines, Mark Barret, Andrew Cervantes, Tristian Fernandez, Henry Firth, Walter Kelley, Wilborn Lyles, David McCoy, Scotty Mills, Michael Nelson, Jerome Sloan, Josh Toram Sr., Anthony Walker, Mark Webster, and Willie Winters (hereinafter " Proposed Intervenors").

**I.      Factual and Procedural Background**

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Allied Aviation Services, Inc. ("Allied") on July 11, 2005. The EEOC alleges that Allied engaged in race discrimination and retaliation against several of Allied's employees in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC amended its complaint on May 5, 2006, adding Allied Aviation Fueling of Dallas, L.P., and Allied Aviation Fueling of Texas, Inc. as Defendants.

**Memorandum Opinion and Order - Page 1**

## II.     Analysis

Proposed Intervenors contend that they have a vested interest in this lawsuit. They are all employees or former employees of Defendants. They also filed charges with the EEOC that Defendants engaged in race discrimination, harassment and retaliation. Plaintiff is unopposed to the relief requested in the Proposed Intervenors' motion. Defendants did not file a response to the motion.

A party may intervene in a lawsuit if (1) the intervention is timely; (2) the party has an interest in the subject matter of the action; (3) the disposition of the case may impair or impede the party's ability to protect that interest; and (4) the party is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994) (stating "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained"). An intervenor's interests are not adequately represented "if the application shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972).

The court finds that Proposed Intervenors have met the requirements of Fed. R. Civ. P. 24(a)(2). First, Proposed Intervenors motion to intervene is timely, as it was made at an early stage in the litigation and there will be no prejudice to the parties if it is granted. Second, the court finds that Proposed Intervenors have a sufficient interest, and that interest may be impaired as a practical matter by disposition of this action. Third, Proposed Intervenors' interests are not adequately represented by the existing parties to this litigation. Each of the Proposed Intervenors alleges specific incidents of discrimination, hostile work environment, and retaliation by Defendants. Thus Proposed Intervenors have separate claims for damages, and their interests cannot be adequately

**Memorandum Opinion and Order - Page 2**

represented by the EEOC without their intervention. Accordingly, the court finds that the motion should be granted.

### III.     Conclusion

For the reasons stated herein, Proposed Intervenors' Motion to Intervene is **granted**. The clerk of court is **directed** to amend the caption of this case to reflect Eric Mitchel, Francisco Ochoa, Christopher DiGiorgio, Carl Gaines, Mark Barret, Andrew Cervantes, Tristian Fernandez, Henry Firth, Walter Kelley, Wilborn Lyles, David McCoy, Scotty Mills, Michael Nelson, Jerome Sloan, Josh Toram Sr., Anthony Walker, Mark Webster, and Willie Winters as Plaintiffs/Intervenors. Accordingly, Plaintiffs/Intervenors' shall file their Original Complaint by **June 5, 2006**.

**It is so ordered** this 31st day of May, 2006.

Sam A. Lindsay
United States District Judge